FILED

JUL 23 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AVERA McKENNAN HOSPITAL
a South Dakota non-profit corporation,
800 East 21st Street
Sioux Falls, SD 57117-5045

Plaintiff,

CIVIL ACTION NO.

VS.

MICHAEL O. LEAVITT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant.

Case: 1:07-cv-01313
Assigned To : Lamberth, Royce C.
Assign. Date : 7/23/2007
Description: Admn. Agency Review

_________________________________/

ALAN J. SEDLEY (Bar No. OH0017)
LAW OFFICES OF ALAN J. SEDLEY
21550 Oxnard Street Suite 880
Woodland Hills, CA 91367
Phone: (818) 716-6800
Fax: (818) 716-5001
asedley02@sprintpcs.com
COUNSEL FOR PLAINTIFF

_________________________________/

**COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION ON MEDICARE REIMBURSEMENT**

**I.**

**INTRODUCTION**

1. The instant matter involves procedures established internally by the Provider Reimbursement Review Board (hereinafter, "PRRB" or "Board"), an administrative tribunal that

adjudicates disputes between providers of Medicare services on the one hand, and the federal government on the other hand. In the case at hand, inasmuch as AVERA McKENNAN allegedly did not strictly comply with one such internal procedural guideline pertaining to the sending of a preliminary position paper to the opposing party, the PRRB has unilaterally dismissed AVERA McKENNAN 's appeal. Unless the Court intervenes, this dismissal shall operate to deprive AVERA McKENNAN of its right to be heard on reimbursement issues that could be resolved favorably to AVERA McKENNAN for hospital services furnished to Medicare patients during the 2004 fiscal year.

## II.

## JURISDICTION AND VENUE

2. This is a civil action brought to obtain judicial review of a final agency decision rendered by the Medicare Provider Reimbursement Review Board ("PRRB"). This action is timely filed pursuant to 42 U.S.C. § 1395oo(f)(1).

3. The instant action arises under Title XVIII of the Social Security Act, as amended (42 U.S.C. §§ 551 *et seq.*) hereinafter referred to as the "Medicare Act" or the "Act", which establishes the Medicare program (the "Medicare Program" or the "Program"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*

3. This Court has jurisdiction under 42 U.S.C. § 1395oo(f) (appeal of final Medicare program agency decision) and 28 U.S.C. § 1331 (federal question). Venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f) and § 28 U.S.C. § 1391 (e). This Court has authority to grant the relief requested under 42 U.S.C. § 1395oo(f) and 28 U.S.C. §§ 2201-2202.

III.

PARTIES

4. AVERA McKENNAN HOSPITAL (hereinafter, "Plaintiff") is an acute care, inpatient hospital located in Sioux Falls, South Dakota and is organized as a nonprofit corporation exempt from federal income taxation as a charitable organization. During the relevant period, Plaintiff was certified as a "provider of services" participating in the Medicare program within the meaning of 42 U.S.C. § 1395x(u).

5. Defendant, Michael O. Leavitt, Secretary of the Department of Health and Human Services (hereinafter referred to as the "Secretary"), or his predecessors in office, is the federal officer responsible for the administration of the Medicare Program pursuant to the Medicare Act. The Secretary has delegated administration of the Medicare Program to the Centers for Medicare and Medicaid Services ("CMS").

IV.

MEDICARE PAYMENT

6. The Medicare Act establishes a system of health insurance for the aged and the disabled. Under the Medicare Act, an eligible Medicare beneficiary is entitled to have payment made by the Medicare Program on his/her behalf for inpatient and outpatient hospital services provided to him/her by a hospital participating in the Medicare Program as a "provider of services." As such, the Secretary reimburses health care providers, including hospitals, for services provided Medicare patients. 42 U.S.C. § 1395 to 1395ccc. Medicare reimbursement is typically handled by fiscal intermediaries, such as insurance companies, who make interim payments to health care providers, then determine the proper amount of reimbursement for the entire fiscal year. 42 U.S.C.

§ 1395h(a). A health care provider seeking reimbursement must submit an annual cost report to its fiscal intermediary. 42 C.F.R. § 413.20(a)-(b); 413.24(f). The fiscal intermediary then audits the cost report, determines the reimbursement amount to which the provider is entitled under the statute and regulations, and issues a Notice of Amount of Medicare Program Reimbursement ("NPR"). 42 C.F.R. § 405.1803. The fiscal intermediary that acted on behalf of the Secretary with respect to Plaintiff was Noridian Administrative Services. (hereinafter, "Intermediary"). The intermediary acts as agent of the Defendant Secretary.

## V.

## APPEAL OF MEDICARE PAYMENT

7. Pursuant to 42 U.S.C. § 1395oo(a)(1)(A)(2), a provider meeting certain jurisdictional prerequisites may appeal an NPR, within 180 of its issuance, by requesting a hearing before the Provider Reimbursement Review Board ("PRRB"). In addition, Medicare regulations allow a fiscal intermediary to reopen a provider's cost report and issue a revised NPR within three years of issuing the original NPR. 42 C.F.R. § 405.1885.

8. Providers initiate Medicare appeals by filing an appeal letter with the PRRB. After the appeal letter is filed, the PRRB issues a letter establishing due dates for the parties' preliminary and final position papers. Typically, and approximately six months to a year after the submission of final position papers to the PRRB, the PRRB issues a notice setting forth a hearing date, which is set several months after the date of the notice. Finally, the PRRB issues a decision, which often occurs over one year after the hearing.

////

////

9. In exercising its authority to conduct hearings, the PRRB must comply with all the provisions of the Medicare Act and regulations issued thereunder, as well as CMS Rulings issued under the authority of the Administrator of the CMS. 42 C.F.R. 405.1867.

10. The PRRB has issued a set of *Instructions* dated March of 2002 which are posted on the internet (www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp#TopOfPage.)

11. Although the *Instructions* were not promulgated in accordance with the notice and comment provisions of the Administrative Procedure Act, 5 U.S.C. § 500 et seq., the *Instructions* reflect the procedure and practice before the PRRB.

12. A decision of the PRRB shall be final unless Secretary, on the Secretary's own motion, and within 60 days after the provider of services is notified of the PRRB's decision, reverses, affirms, or modifies the PRRB's decision. 42 U.S.C. § 1395oo(f)(1).

13. A provider has the right to obtain judicial review of any final decision of the PRRB, including a decision of the PRRB declining to assert jurisdiction, or any reversal, affirmance, or modification by the Secretary (42 U.S.C. § 1395oo(f)(1)) by filing a lawsuit seeking such review within 60 days of receipt of that decision. Id.. §1395oo(f). A PRRB determination denying jurisdiction or other determination dismissing an appeal prior to a decision on the merits is a final determination subject to court review pursuant to Section 1395oo(f).

**VI.**

**FACTUAL AND PROCEDURAL HISTORY**

14. On July 28, 2006, Plaintiff's fiscal Intermediary issued an NPR for the fiscal year ending June 30, 2004 (hereinafter, "FYE 6/30/04").

////

15. On or about December 28, 2006, Plaintiff timely submitted to the PRRB a detailed and specific appeal of various Intermediary adjustments for FYE 6/30/04. The appeal issues all pertained to the amount of disproportionate share hospital (hereinafter,"DSH") payments deemed reimbursable by the Intermediary.

16. Plaintiff's appeal letter included a detailed description of the two appeal issues, Plaintiff's position on those issues, a list of the specific adjustments that were being challenged, citations to regulations and manuals, and reimbursement impacts for each appeal issue. Moreover, Plaintiff sent this detailed appeal letter to *both* the Board and to the Intermediary (a copy of Plaintiff's Notice of Appeal is attached hereto as Exhibit "A").

17. On January 9, 2007, the PRRB sent an acknowledgment letter with position paper deadlines. The PRRB set a May 1, 2007 deadline for Plaintiff's preliminary position paper and a July 1, 2007 deadline for the Intermediary's preliminary position paper. That acknowledgment letter further indicated that the parties' final position papers would be due to the PRRB on or before September 1, 2007. Finally, the letter established January, 2008 as a "tentative month" for a live hearing on this matter.

18. Most critical to the instant matter, Plaintiff sent its preliminary position paper to the Intermediary on or about April 20, 2007, some ten days *prior* to the deadline date set forth within, and in accordance with the PRRB's acknowledgment letter. Further, Plaintiff sent a letter to the Board on that same date certifying that the preliminary position paper due date had been met, along with a copy of the preliminary position paper in accordance with the PRRB's acknowledgment letter (Plaintiff's letter to the Board, along with a copy of the certified mail receipt, is attached hereto as Exhibit "B"). As noted beneath the signature line of Mr. Mike Miller, Reimbursement Manager for

Plaintiff, a copy of the letter sent to the Board, along with a copy of the preliminary position paper, was sent to the attention of Mr. John Bloom, Appeals Coordinator for the Intermediary on or about that date.

19. Despite the fact that Plaintiff materially complied with the PRRB's edict as set forth within its acknowledgment letter that Plaintiff submit its preliminary position paper to the Intermediary (with a letter to the Board certifying that the due date had been met along with a copy of the preliminary position paper) by May 1, 2007, the PRRB nevertheless dismissed Plaintiff's FYE 6/30/04 appeal in its letter dated May 24, 2007, for the alleged failure of Plaintiff to submit its preliminary position paper to the Intermediary and the required information to the Board (a copy of the PRRB's letter dismissing the appeal is attached hereto as Exhibit "C").

20. In response to the Board's May 24, 2007 dismissal letter sent to Plaintiff's authorized representative, Quality Reimbursement Services ("QRS"), Mr. Ravindran of QRS sent a letter dated June 13, 2007 essentially objecting to the Board's dismissal of Plaintiff's appeal, pointing out that Plaintiff's preliminary position paper for the appeal was forwarded both to the PRRB and the Intermediary by certified mail on April 20, 2007. The letter further states that the Intermediary's Appeals Coordinator, Mr. John Bloom, was contacted telephonically and acknowledged that the Intermediary was in fact in receipt of its copy of Plaintiff's preliminary position paper (a copy of Mr. Ravindran's letter is attached hereto as Exhibit "D").

21. To date, neither Plaintiff nor his authorized representative has received a response from the PRRB to that June 13, 2007 letter, and therefore, despite Plaintiff's insistence that it has materially met all of the PRRB's requirements set forth within its *Instructions,* Plaintiff's appeal remains in a state of limbo.

22. Plaintiff is in the process of filing a Motion to Reinstate its appeal with the PRRB.

23. Pursuant to 42 U.S.C. § 1395oo(f), this Complaint has been filed within 60 days of receipt by Plaintiff of the PRRB's decision dismissing its case.

## VII.

## INVALIDITY OF THE PRRB'S DETERMINATION

24. The dismissal determination of the PRRB is reviewable by this Court pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C. § 706, 42 U.S.C. § 1395oo. Moreover, the PRRB's dismissal of Plaintiff's 6/30/04 appeal is inconsistent with and is unauthorized by the Medicare statute and regulations, is procedurally invalid, arbitrary and capricious, denies Plaintiff's due process of the law, and violates Plaintiff's equal protection rights, for the following reasons, among others:

a. **The PRRB's decision to dismiss is arbitrary and capricious, and is contrary to Medicare law and regulations, given that Plaintiff complied with the PRRB's informal, unpublished, and vague preliminary position paper "requirements."**

Notwithstanding the fact that Plaintiff's preliminary position paper was sent to *both* the Intermediary and the Board well in advance of the PRRB's mandated due date of May 1, 2007, it is anticipated that Defendant may choose to argue that the position paper was sent not by Plaintiff's authorized representative, Quality Reimbursement Services, but directly by Plaintiff (see, Exhibit "B"). In other words, Defendant may argue that since the preliminary position paper was sent directly *by Plaintiff,* the mailings should be disregarded as if the paper was not sent *at all.*

////

Nowhere in the Medicare Act or regulations is there any requirement that mandates the filing of a preliminary position paper in the context of a PRRB appeal, nor is there any formal guidance that specifically identifies or delineates the content or format requirements of a preliminary position paper. It is therefore not at all surprising that nowhere in the Medicare Act or regulation is there a prohibition against the submission of documentation in the context of a PRRB appeal, including position papers, directly by the *provider*.

And yet, that is presumably what has occurred in the instant matter; though a position paper was *timely* submitted to the Board and the Intermediary by the *Provider* (rather than, for example, by its consultant), the PRRB has arbitrarily and capriciously chosen to dismiss Plaintiff's appeal.

To dismiss an appeal - which potentially involves hundreds of thousands of dollars - on a mere technicality that centers on a *Provider's* timely submission of a preliminary position paper in lieu of such a submission by the Provider's "authorized representative", is contrary to the Medicare statute and regulations, is arbitrary and capricious, and constitutes an impermissible and harsh forfeiture in violation of Plaintiff's due process rights.

**b. Pursuant to 42 C.F.R. § 405.1885, where there has been a material error of fact or law that affects the determination of an Intermediary, the PRRB has authority to reopen its determination, including the initial determination to dismiss an appeal**

In this case, the dismissal of Plaintiff's appeal is clearly inconsistent with the Medicare Act and regulations and will potentially deprive Plaintiff of hundreds of thousands of dollars in Medicare reimbursement that is clearly owed pursuant to the Medicare statutes and regulations.

**c. The PRRB has failed to establish cognizable standards for determining when an appeal is rightfully dismissed and when an appeal should be reinstated after dismissal**

In promulgating informal internet rules without providing concurrent notice and an opportunity for comment and that allow for the PRRB's dismissal of a case for a Provider electing to submit a position paper to the Board and to the Intermediary in lieu of such submission by a third party (such as the Provider's designated "authorized representative") the Secretary has necessarily abandoned the formal rulemaking process, and in so doing, has set forth rules that violate both the Administrative Procedure Act and the Medicare Act. 5 U.S.C. § 553(b); 42 U.S.C. § 1395hh. Further, the Secretary has violated the publication requirement of 42 U.S.C. § 1395hh(c), thereby invalidating the PRRB's internal, informal policy of dismissing cases for failure to send a preliminary position paper to an intermediary (even when, as in this case, such *was* sent). This lack of cognizable standards regarding dismissal of PRRB appeals implies that any such dismissal, as here, is arbitrary and capricious, and constitutes a denial of due process of law.

**d. Even assuming arguendo that the reason for the instant dismissal of appeal is the submission of a preliminary position paper directly by the Provider (rather than by an "authorized representative"), as in the federal court context, a provider should not be penalized with a complete forfeiture of all appeal rights solely because of a mere technicality that could, at the very worse, be deemed excusable neglect**

Pursuant to Federal Rule of Civil Procedure 60(b), which provides for forgiveness of

procedural (as well as other) errors based on mistake, inadvertence, or neglect, federal courts have repeatedly refrained from dismissing cases with prejudice for failure to timely submit briefs or status reports during a case's procedural history. It is therefore inconceivable to imagine a federal court disregarding a filing submitted directly by, for example, a party, rather than its representative, and thereupon resulting in a dismissal with prejudice.

To wholly abandon this well settled federal precedent favoring trials on the merits and instead allow the PRRB to dismiss this case for Plaintiff's good faith submission of its preliminary position through its own offices rather than that of its "authorized representative" violates the strong proclivity to apply and interpret provisions to avoid unnecessary forfeitures.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order requiring the Secretary to reinstate AVERA McKENNAN's FYE 6/30/04 PRRB appeal;

2. For costs of suit; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Alan J. Sedley (Bar No. OH0017)
LAW OFFICES OF ALAN J. SEDLEY
21550 Oxnard Street Suite 880
Woodland Hills, CA 91367
Telephone No. (818) 716-6800

By: ______________________
ALAN J. SEDLEY



McKennan Hospital
& University Health Center
QRS-FID-734.912

We're Caring for Life

800 East 21st Street
P.O. Box 5045
Sioux Falls, SD 57117-5045
(605) 322-8000

www.averamckennan.org

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

FILE
Client 2004
1/2/07 - Ac

December 28, 2006

Ms. Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

**Re:** **Provider Name** : **AVERA MCKENNAN HOSPITAL**
**Provider Number** : **43-0016**
**Intermediary** : **Cahaba Government Benefit Administrators**
**Request for Medicare Appeal**

NOTICE OF CORRECTION – PROGRAM REIMBURSEMENT

| Notice Date | Fiscal Year |
|---|---|
| July 28, 2006 | June 30, 2004 |

Dear Ms. Cochran:

The hospital respectfully appeals the under mentioned determinations of the Intermediary contained in the above NPR.

**Issue 1 : Disproportionate Share Payment**

**SSI Proxy**

The Provider contends that the Intermediary did not determine Medicare DSH reimbursement in accordance with the statutory instructions at 42 U.S.C. 1395ww(d)(5)(F)(i). Specifically, the provider disagrees with the intermediary's calculation of the computation of the disproportionate patient percentage set forth at 42 C.F.R. 412.106(b)(2)(i) of the Secretary's regulations. The provider contends that the intermediary did not furnish the matching data from which the SSI proxy had been derived, and that this validation information has been withheld on the basis of a statement in the commentary to the 1995 final rule for inpatient PPS. See 60 Fed. Reg. 45811-12 (Sept. 1 1995). The statement indicates that the SSI eligibility data used for this DSH calculation is not available to verify provider's disproportionate patient percentage because it is protected by the Privacy Act. The intermediary cannot support its reliance on a statement that occurs in the preamble of a published rule but is not supported by the regulatory text or by the authorizing statute.

A system of records entitled Medicare Provider Analysis and Review ("MEDPAR"), HHS/HCFA/OIS, 09-07-009 was published in the Federal Register on August 18, 2000, 65 Fed. Reg. 50548 (August 18, 2000). This system of records was purported to establish a system to collect and disseminate the information necessary "to recalculate Supplemental Security Income ("SSI") ratios for hospitals that are paid under the [Prospective Payment System] and serve a disproportionate share of low-income patients." Id. This data is a key component in determining whether affected hospitals may be entitled to increased reimbursement under Part A of the Medicare program. The regulations impose restrictive conditions that do not permit the provider to obtain and reconcile the SSI data maintained by CMS with provider records. Provider therefore contends that this is not in conformance with the statutory provisions of DSH reimbursement.

07 1313

FILED
JUL 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Suzanne Cochran, Esq.
December 28, 2006
Page 2 of 2

Audited Adjustment #
Reimbursement Amount: $ 55,602

**Issue 2 : Disproportionate Share Payment**

**Medicaid Percentage (Eligible Days)**

The provider contends that the Fiscal Intermediary did not determine Medicare reimbursement for disproportionate share hospitals (DSH) in accordance with the statutory instructions at 42 U.S.C. 1395ww(d)(5) (c)(i). Specifically, the provider disagrees with the calculation of the second computation of the disproportionate share patient percentage, set forth at 42 CFR 412.106(b)(4) of the Secretary's regulations. The intermediary, contrary to the regulation, failed to include as Medicaid-Eligible Days services to patients for Medicaid, as well as patients eligible for general assistance.

Audited Adjustment #
Reimbursement Amount: $112,120

The Provider will be personally represented at the requested hearing by its designated representative.

J. C. Ravindran
President
Quality Reimbursement Services
150 N. Santa Anita Ave., Ste.570A
Arcadia, CA 91006
Telephone # (626) 445-5092

If you have any questions, please feel free to contact us.

Sincerely,

Mike Miller
Reimbursement Manager

cc: Ms. Jessica Preister, Senior Auditor, Provider Audit & Reimbursement, Cahaba Government Benefit Administrators, 401 Douglas Avenue, Suite 410, PO Box 7501, Sioux City, IA 51101-7501

Mr. Wilson C. Leong, Director, Medicare Appeals, Blue Cross Blue Shield Association, 225 N. Michigan Avenue, Suite 400, Chicago, IL 60611

Enclosure

QRS-FID-734.912

AVERA MCKENNAN HOSPITAL
Provider Number: 43-0016
DSH Calculation
Fiscal Year Ended: 06/30/2004

Impact of .4% increase in Total Title XIX Days ( 300 Days)

| | | | |
|---|---|---|---|
| Increase in Medicaid Proxy | (1) | 300 / 67,624 | 0.44362948% |
| DRG | (2) | | $30,634,445 |
| Multiplier | (3) | | 82.50% |
| Net Impact | (1) x (2) x (3) | | $ 112,120 |

Impact of 5% increase (4)( 0.22) in the SSI percentage of 4.448%

| | | |
|---|---|---|
| Net Impact | (2) x (3) x (4) | $ 55,602 |



We're Caring for Life

800 East 21st Street
P.O. Box 5045
Sioux Falls, SD 57117-5045
(605) 322-8000

www.averamckennan.org

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

April 20, 2007

Ms. Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

**Re:** **Provider Name : Avera McKennan Hospital**
**Provider Number : 43-0016**
**PRRB Case Number : 07-0349**
**Fiscal Year Ended : June 30, 2004**
**Preliminary Position Paper**

Dear Ms Cochran:

Enclosed please find a copy of the preliminary position paper for the above referenced appeal.

If you have any questions, please feel free to contact me at (605) 322-6344.

Sincerely,

Mike Miller
Mike Miller
Reimbursement Manager

cc: Mr. John Bloom, appeals Coordinator, Medicare Part A, Noridian Administrative Services, LLC. P.O. Box 6714, Fargo, ND 58108-6714

Ms. Wilson C. Leong, Director, Medicare Appeals, Blue Cross & Blue Shield Association, 225 N. Michigan Avenue, Chicago, IL 60601-7680 (w/o encl.)

Enclosure

DR

07 1313

FILED

JUL 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT





Home | Help | Sign In

Track & Confirm FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7000 1530 0002 1014 2110
Status: Delivered

Your item was delivered at 12:55 PM on April 26, 2007 in WINDSOR MILL, MD 21244.

Additional Details > Return to USPS.com Home >

Track & Confirm
Enter Label/Receipt Number.
Go >

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. Go >

POSTAL INSPECTORS Preserving the Trust

site map contact us government services jobs National & Premier Accounts

Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

7000 1530 0002 1014 2110

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Ms Suzanne Cochran
Street, Apt. No.; or PO Box No.: 2520 Lord Baltimore Dr, Ste L
City, State, ZIP+4: Baltimore, MD 21244-2670

PS Form 3800, May 2000 See Reverse for Instructions



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671 FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

MAY 24 2007

**CERTIFIED MAIL**

received 6/20/07

Quality Reimbursement Services
J.C. Ravindran, President
150 N. Santa Anita Avenue, Suite 570A
Arcadia, CA 91006

RE: Avera McKennan Hospital, Provider No. 43-0016, FYE 6/30/2004, Case No. 07-0549

Dear Mr. Ravindran:

The Provider Reimbursement Review Board (the Board) advised you that this case would be dismissed in its Acknowledgment and Critical Due Dates letter if preliminary position papers were not submitted to the Intermediary by the first of May 2007. You were also advised to supply the Board with a letter certifying that the preliminary position paper due date had been met and a copy of the first page only of the preliminary position paper.

Pursuant to the Board's above cited letter and its Instructions effective March 1, 2002, "If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, the Board will dismiss your appeal for failure to follow Board procedure." Upon review of the above-referenced appeal, it was noted that the preliminary position paper was not submitted to the Intermediary and the required information was not submitted to the Board. Therefore, the Board hereby closes this case and removes it from the docket.

Board Members:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

For the Board:

Yvette C. Hayes

Board Member

cc: Noridian Administrative Services
John Bloom
Appeals Coordinator
ND/MN Medicare Part A
P.O. Box 6714
Fargo, ND 58108

Wilson C. Leong
BC & BS Association
225 North Michigan Avenue
Chicago, IL 60601-7680

07 1313

**FILED**

JUL 23 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Health and Human Services
Provider Reimbursement Review Board
2520 Lord Baltimore Drive
Suite L
Baltimore, MD 21244-2670

SERVICES




Hasler

012H16204690
$05.21$^{0}$
05/24/2007
Mailed From 21244
US POSTAGE

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE ONLY

RETURN RECEIPT REQUESTED

received
5/30/07 LS

Quality Reimbursement Services
J.C. Ravindran President
150 N. Santa Anita Avenue, Suite 570A
Arcadia, CA 91006

91006+3132 C019

# *QUALITY REIMBURSEMENT SERVICES*

***Healthcare Consultants***

**Via United Parcel Service**




June 13, 2007

Ms. Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

**Re: Provider Name : Avera McKennan Hospital**
**Provider Number : 43-0016**
**PRRB Case Number : 07-0549**
**Fiscal Year Ended : 06/30/2004**
**Preliminary Position Paper**

Dear Ms. Cochran:

With reference to your letter dated May 24, 2007 with regard to the above referenced appeal, we wish to confirm that the Provider's position paper for this appeal was forwarded to you and the Intermediary by certified mail on April 20, 2007.

While we are attaching herewith proof of our timely submission of the Provider's position paper, it is also our understanding that the Provider has contacted Mr. John Bloom of Noridian Administrative Services who has acknowledged receipt of their copy.

If you have any questions, please feel free to contact me (626) 445-5092.

Sincerely,

J. C. Ravindran
President

cc: Ms. Yvette C. Hayes, Board Member, Provider Reimbursement Review Board, 2520 Lord Baltimore Drive, Suite L, Baltimore, MD 21244-2670

Mr. John Bloom, Appeals Coordinator, Medicare Part A, Noridian Administrative Services, LLC, P.O. Box 6714, Fargo, ND 58108-6714

Enclosures
DR

07 1313

**FILED**

JUL 23 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT




*We're Caring for Life*

800 East 21st Street
P.O. Box 5045
Sioux Falls, SD 57117-5045
(605) 322-8000

www.averamckennan.org

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

April 20, 2007

Ms. Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

**Re:** **Provider Name : Avera McKennan Hospital**
**Provider Number : 43-0016**
**PRRB Case Number : 07-0349**
**Fiscal Year Ended : June 30, 2004**
**Preliminary Position Paper**

Dear Ms Cochran:

Enclosed please find a copy of the preliminary position paper for the above referenced appeal.

If you have any questions, please feel free to contact me at (605) 322-6344.

Sincerely,

Mike Miller
Reimbursement Manager

cc: Mr. John Bloom, appeals Coordinator, Medicare Part A, Noridian Administrative Services, LLC. P.O. Box 6714, Fargo, ND 58108-6714

Ms. Wilson C. Leong, Director, Medicare Appeals, Blue Cross & Blue Shield Association, 225 N. Michigan Avenue, Chicago, IL 60601-7680 (w/o encl.)

Enclosure

DR

Sponsored by the Benedictine and Presentation Sisters




Home | Help | Sign In

Track & Confirm FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7000 1530 0002 1014 2110
Status: Delivered

Your item was delivered at 12:55 PM on April 26, 2007 in WINDSOR MILL, MD 21244.

Additional Details > Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number.




Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. Go >

POSTAL INSPECTORS
Preserving the Trust

site map contact us government services jobs National & Premier Accounts

Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Ms. Suzanne Cochran
Street, Apt. No.; or PO Box No.: 2520 Lord Baltimore Dr. Ste L
City, State, ZIP+4: Baltimore, MD 21244-2670

PS Form 3800, May 2000 See Reverse for Instructions

7000 1530 0002 1014 2110

07-1313 RCL

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

AVERA McKENNAN HOSPITAL

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

MICHAEL O. LEAVITT, IN HIS CAPACITY AS SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of Alan J. Sedley
Alan J. Sedley
21550 Oxnard Street Suite 880
Woodland Hills, CA 91367 (818) 716-6800

Case: 1:07-cv-01313
Assigned To : Lamberth, Royce C.
Assign. Date : 7/23/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S Government Plaintiff
- ○ 3 Federal Question (U S Government Not a Party)
- ◉ 2 U S Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- [ ] 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**◉ C. *Administrative Agency Review***

- [X] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)*** OR **○ F. *Pro Se General Civil***

Real Property
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

Personal Property
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

Bankruptcy
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

Prisoner Petitions
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

Property Rights
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

Federal Tax Suits
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

NOT USA
NOT USAG

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O K. *Labor/ERISA (non-employment)* | O L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. SEC.1395oo(f) AND 28 U.S.C. SEC.1331-JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION ON MEDICARE REIMBURSEMENT

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C P 23   **DEMAND $** ________ Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO [X] If yes, please complete related case form

**DATE** July 12, 2007   **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C , and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint You may select only one category. You must also select one corresponding nature of suit found under the category of case

**VI.** CAUSE OF ACTION. Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

**VIII.** RELATED CASES, IF ANY If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form